**Walter S.J. WENGER, Plaintiff-Appellant,**

v.

**CANASTOTA CENTRAL SCHOOL DISTRICT, et al., Defendants-Appellees.**

**Docket No. 97–7616.**

United States Court of Appeals, Second Circuit.

Argued May 26, 1998.

Decided June 12, 1998.

---

Walter S.J. Wenger, Canastota, NY, pro se.

S. Paul Battaglia, Bond, Schoeneck & King, Syracuse, NY, for Defendants–Appellees Canastota Central School District, et al.

Peter H. Schiff, Deputy Solicitor General, for Dennis C. Vacco, Attorney General of the State of New York (Nancy A. Spiegel, Assis- tant Attorney General, and Lisa LeCours, Assistant Attorney General, of counsel), Albany, NY, for Defendant–Appellee Thomas Sobol.

Before: CALABRESI, Circuit Judge, and POLLACK * and DRONEY,** District Judges.***

PER CURIAM:

Walter Wenger, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge* ) granting summary judgment in favor of the defendants in this suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Wenger sued on behalf of his son, Steven Wenger, alleging that the defendants had failed to provide Steven with appropriate special education services, in violation of the IDEA, and had discriminated against Steven on the basis of his disability in violation of Section 504 of the Rehabilitation Act. In addition, Wenger claimed that the defendants had violated his own rights as a parent under the IDEA by failing properly to advise him of those rights, by not including him fully in the development of Steven's educational plan, and by not allowing him a meaningful voice in determining the nature and extent of the services Steven would receive.

With respect to the claims that Wenger has brought on behalf of his son, we begin by noting that Wenger appeared *pro se* both in the district court and on appeal. We have held, however, that in federal court "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990); *see also Iannaccone v. Law,* 142

---

* The Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

** The Honorable Christopher F. Droney, United States District Judge for the District of Connecticut, *sitting by designation.*

*** Pursuant to 28 U.S.C. § 46(b) and an order of the chief judge of this court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge of this court and two judges of the United States District Court *sitting by designation.*

F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). In the case before us, the district court acknowledged our holding in *Cheung,* but, apparently because the defendants had not raised the issue, nevertheless allowed Wenger to continue to appear without counsel on behalf of his son. This was erroreous. The court has a duty to enforce the *Cheung* rule *sua sponte,* for "[t]he infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir.1997) (internal quotation marks and citation omitted) (alteration in original). The *Cheung* rule is designed to protect the legal interests of children, and as we have stated, "it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Cheung,* 906 F.2d at 61.

■ Under Federal Rule of Civil Procedure 17(c), the court may take such action "as it deems proper for the protection of [an] infant or incompetent person," including appointing counsel or a guardian ad litem. *See Cheung,* 906 F.2d at 61–62. In the case before us, the district court declined to appoint counsel pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. We have held that, in determining whether to appoint counsel for an indigent litigant, a district judge

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why

appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986). In the case before us, the court focused on Walter Wenger's need for an attorney. The court assumed, *arguendo,* that Mr. Wenger was indigent and that the claim was one of "substance," but concluded that the other factors did not weigh in favor of appointment of counsel. The court noted that Mr. Wenger had been able to investigate adequately the facts up to the point of the motion hearing and determined that he would be reasonably able to continue to do so and to present the case by himself. Accordingly, the court declined to appoint an attorney.

■ Instead of focusing on Mr. Wenger's need for a lawyer, however, the court should have recognized that Mr. Wenger was not allowed to represent his son, and should have focused on Steven Wenger's need for an attorney.[1] We, therefore, vacate the judgment and remand so that the district court may consider whether Steven Wenger is entitled to the appointment of counsel. We note that, in determining whether appointment of counsel is necessary in a case involving a party who is unable to represent himself because he is a minor or is otherwise incompetent, the court should consider the fact that, without appointment of counsel, the case will not go forward at all. Of course, this does not mean that appointment of counsel is required when it is clear that no substantial claim might be brought on behalf of such a party. But the fact that the party has no means of asserting his rights other than through counsel is certainly a factor that must be considered.

In the event that the court concludes that counsel should not be appointed for Steven Wenger, and assuming that Mr. Wenger is unable on his own to find an attorney to represent his son, the court should dismiss the claims brought on Steven's behalf without prejudice. *See Cheung,* 906 F.2d at 62.

---

1. As noted above, Federal Rule of Civil Procedure 17(c) permits the court *sua sponte* to appoint a guardian ad litem. Should the court find that it cannot decide the appropriateness of ap-

pointing counsel on the basis of Mr. Wenger's representation of Steven Wenger, it is free to consider the appointment of such a guardian for the purposes of this litigation.

Mr. Wenger is, of course, entitled to represent himself on his claims that his *own* rights as a parent under the IDEA were violated by the defendants' failure to follow appropriate procedures. Like the district court, we have considered all of Mr. Wenger's arguments in this regard and have found them to be without merit. Accordingly, we affirm the dismissal of Mr. Wenger's claims for substantially the reasons stated by that court.