**Stephen C. SNYDER, on behalf of Kalle Snyder, Plaintiff,**

**Marge Snyder, on behalf of Kalle Snyder, Plaintiff–Appellant,**

v.

**NEW YORK STATE EDUCATION DE-PARTMENT (N.Y.SED); Richard Mills, Individually and as Commissioner of NYSED; Christine Grady, Individually and as Regional Associate for NYSED; Frank Munoz, Individually and as SRO for NYSED; Gerard Wilson, Individually and as an IHO; Shenedehowa Central School District; Wayne Burdge, Individually and as Board of Education President of the District; John Yagielski, Individually and as Superintendent (until 1997) of the District; Susan Johns, Individually and as Attorney for the District; Victor Debonis, Individually and as Attorney for the District; Marie Fountaine, Individually and as Committee on Special Education Chairperson and Coordinator of Pupil Services; David Burpee, Individually and as 504 Compliance Officer of the District; Judi Baldwin, Individually and as School District Psychologist and CSE Member; Nedra Reed, Individually and as School District Psy-**

chologist and CSE Member; and Donna Mitchell, Individually and as School District Psychologist and CSE Member, Defendants–Appellees.

Docket No. 00–9546.

United States Court of Appeals, Second Circuit.

June 12, 2001.

Marge Snyder, Ballston Lake, NY, pro se.

Nancy A. Spiegel, Assistant Solicitor General; Andrea Oser, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief, for appellees New York State Education Department, Richard Mills, Frank Munoz, and Christine Grady.

Kathryn McCary, McCary & Huff, LLP, Scotia, NY, for appellees Shenedehowa Central School District, Wayne Burdge, John Yagielski, Susan Johns, Victor Debonis, Marie Fountaine, David Burpee, Judi Baldwin, Nedra Reed, and Donna Mitchell.

Present CABRANES, STRAUB, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal be and it hereby is DISMISSED.

Marge and Stephen C. Snyder ("the Snyders"), appearing *pro se,* appeal from a the District Court's order dismissing their complaint insofar as it set forth claims on behalf of their son, Kalle Snyder. They also appeal from orders instructing them to obtain counsel for their son, denying their motion for appointment of counsel, and denying reconsideration of that order. We hold that this Court lacks jurisdiction to hear the Snyders' appeal since no final judgment has been entered in this case and the orders are not appealable under the collateral order doctrine.

The Snyders initiated this suit in August 1998, raising claims against defendants on behalf of their son under the Individuals with Disabilities Educational Act, 20 U.S.C. § 1401 *et seq.,* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* the Civil Rights Act of 1873, 42 U.S.C. § 1983, and the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232(g).

In November 1998, the magistrate judge held that the Snyders could not proceed *pro se* on behalf of their son, *see Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 124 (2d Cir.1998), and thus ordered the Snyders, within sixty days, to retain counsel, apply for appointment of counsel, or discontinue the action. After the magistrate judge granted them more time, in March 1999, the Snyders moved "to amend/appoint counsel," asking to proceed *pro se* in representing their rights as parents and to have the court appoint a guardian ad litem to represent their son. The Snyders claimed they had been unable to obtain counsel, but not for lack of financial resources. In November 1999, the magistrate judge granted the Snyders' motion to amend their complaint to add themselves as parties, but denied their motion for appointment of counsel (absent proof of an inability to pay) or for a guardian ad litem. The magistrate judge ordered the Snyders to obtain counsel for their son within thirty days or face dismissal of their suit. In January 2000, the magistrate judge denied the Snyders' request of reconsideration of his order and, subsequently, issued a Report and Recommendation recommending dismissal of the complaint pursuant to FED.R.CIV.P. 16(f) for failure to comply with the court's orders. In November 2000, the District Court adopted the Report and Recommendation in a decision and order.

The Snyders filed a notice of appeal on December 5, 2000. They contend that this Court has jurisdiction over their appeal pursuant to the collateral order doctrine because (1) the District Court's order conclusively determined that they could not pursue counsel for their son; (2) that matter is separate from the merits of the underlying action and, if not immediately

appealable, will prevent the Snyders from pursuing their individual claims that are related to those of their son and will lead to a violation of their son's rights; and (3) the District Court's order will be unreviewable after final judgment since their son cannot proceed absent counsel. On appeal, the Snyders state plainly that they are not appealing their right to appear *pro se* on behalf of their son.

A district court's order is only appealable if it is a final decision under 28 U.S.C. § 1291 or Fed R.Civ.P. 54(b), if it is a certified interlocutory order under 28 U.S.C. § 1292(b), or if it falls within the narrow exception of the collateral order doctrine, *see Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "To fit within the collateral order exception, the interlocutory order must: [i] conclusively determine the disputed question, [ii] resolve an important issue completely separate from the merits of the action, and [iii] be effectively unreviewable on appeal from a final judgment." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir.1999) (internal quotation marks omitted). In the instant case, we hold that we lack jurisdiction because (1) the order dismissing the Snyders' claims on behalf of their son would be reviewable in an appeal from a final judgment; (2) the order denying a motion for appointment of counsel pursuant to 28 U.S.C. § 1915 is not appealable under the collateral order doctrine, *see Welch v. Smith*, 810 F.2d 40, 42 (2d Cir.1987); and (3) the order denying the appointment of a guardian ad litem would be reviewable on appeal from a final judgment; and (4) the magistrate judge's order denying reconsideration dealt with non-final orders that were not immediately appealable.

For the reasons set forth above, the appeal is hereby DISMISSED.