Michael M. v. Plymouth School          CV-01-469-M    03/10/03

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Michael M., by and through his
parents and next friends,
M.D. and M.A.,
     Plaintiff

     v.                                   Civil No. 01-469-M
                                          Opinion No. 2003 DNH 033
Plymouth School District,
     Defendant


                          O R D E R


     Michael M., represented by his non-attorney parents, brings

this action under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1400, et seq.  Specifically, Michael

appeals the August 23, 2001 adverse decision of an educational

hearing officer.  Presently pending is the school district's

motion to strike the reply memorandum filed by Michael's parents.

Also pending is a "motion" for sanctions, filed by Michael's

parents.


                          Discussion

     In support of its motion to strike, the school district

points out that the "Parents' Reply Memorandum" (document no. 23)

is both untimely and consists almost entirely of inadmissable and largely unhelpful lay opinion (i.e., that of Michael's parents). The school district is correct.  See, e.g., Local Rule 9.3(e). Nevertheless, due to their pro se status, Michael's parents will be afforded a measure of latitude.  Accordingly, the school district's motion to strike (document no. 24) is denied.  The court will accept the parents' reply memorandum and afford it such weight as is warranted.

The parents' "motion" for sanctions, to the extent it can properly be construed as such, is denied.  First, it fails to comply with the court's Local Rules.  See L.R. 7.1(a)(1) ("Motions, other than those submitted during trial, shall be considered only if submitted separately from other filings and only if the word "motion" appears in the title.") (emphasis supplied).  Moreover, it is plainly without merit and, indeed, borders on frivolous.

The record in this case discloses another issue that must be addressed.  In this case, as in a similar case brought by these same plaintiffs in this court, Michael's parents are not pursuing

2

their own claims but, instead, are attempting to represent the interests of their minor son. While the merits of allowing a parent to represent a child in an IDEA proceeding can be (and certainly have been) debated, the law on that point is reasonably clear: "a non-attorney parent cannot appear pro se for his child in an IDEA case." Michael M. v. Pemi-Baker Regional Sch. Dist., No. 02-541-M (D.N.H. November 22, 2002) (Muirhead, M.J.) (citations omitted). See also Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that, in an IDEA case, a non-lawyer parent cannot appear as his child's legal representative); Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-25 (2d Cir. 1998) (holding that, in an IDEA case: (1) a parent cannot appear pro se on behalf of his child; and (2) the district court erred by failing to enforce that rule, sua sponte). See generally Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225 (3rd Cir. 1998) (discussing in detail the statutory and policy reasons why a parent cannot appear pro se on behalf of his or her child in an IDEA matter in federal court).

**Conclusion**

The Plymouth School District's Motion to Strike (document no. 24) is denied. Michael's parents' "motion" for sanctions (document no. 25) is likewise denied.

Because Michael cannot be represented in this matter by his non-attorney parents, he shall appear by counsel on or before April 18, 2003. That attorney shall review the complaint previously filed on behalf of Michael and shall, within 30 days of filing an appearance, either: (1) certify to the court in writing that he or she has reviewed the complaint, that all claims raised therein have a good faith basis in fact and law, and that it otherwise meets the requirements of Rule 11; or (2) file an amended complaint. If an amended complaint is filed, within 30 days thereafter, counsel for Michael shall submit an amended decision memorandum. See L.R. 9.3(e).

If a licensed attorney, authorized to practice in this court, has not filed an appearance on behalf of Michael by **April 18, 2003,** the case will be dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 10, 2003

cc:  Diane M. Gorrow, Esq.
     Michael D. Maroni
     Margaret A. Maroni