Patricia **TORON,** Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 98–CV–5148 (ADS).

United States District Court,
E.D. New York.

Aug. 28, 2003.

Patricia Toron, Brooklyn, NY, Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney Eastern District of New York, by Bonnie S. Klapper, Assistant United States Attorney, Islip, NY, for Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The petitioner Patricia Toron ("Toron") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence arising from her 1998 conviction. For the reasons stated below, Toron's motion is denied.

Toron first appeared before this Court in 1992, when she was convicted of credit card fraud. On September 4, 1992, the Court sentenced her to twelve months incarceration. This sentence ran consecutively to a previous three-year prison sentence imposed in the United States District Court for the Southern District of New York, which Toron received for participating in a heroin ring. In 1995 Toron was released from prison and she began supervised release.

On January 12, 1998, Toron was arrested for driving while intoxicated. The Court sentenced her to sixty days home confinement, with permission to work. On April 10, 1998, Toron was again arrested for driving while intoxicated. On April 30, 1998, Toron pled guilty before the Court to a violation of supervised release. The Court sentenced her to twenty-four months incarceration. In addition, the Court ordered that during her incarceration period, Toron receive intensive alcohol and gambling abuse treatment, mental health treatment, and whatever medication was necessary for her psychiatric condition.

On August 11, 1998, Toron filed the instant motion to vacate, correct or set aside her sentence. She also filed a motion for appointment of counsel and a motion to proceed *in forma pauperis*. Toron alleges that: (1) her attorney was ineffective because he was not familiar with federal law; (2) she was on medication during

sentencing and it clouded her judgment, and her sentence should be reduced; and (3) she has not received the treatment ordered by the Court.

## DISCUSSION

It is well settled that a Section 2255 motion is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998). Accordingly, "Section 2255 claims not raised on direct review are procedurally barred unless they raise constitutional or jurisdictional claims, or result in a 'complete miscarriage of justice.'" *Johnson v. United States,* 313 F.3d 815, 817 (2d Cir.2002) (quoting *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996)). A petitioner seeking to raise a claim in a Section 2255 motion that she did not raise on direct appeal must show "cause and prejudice" or a "fundamental miscarriage of justice" for her failure to do so. *Frady,* 456 U.S. at 167, 102 S.Ct. 1584 (citing *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216(1973)); *Munoz,* 143 F.3d at 637.

■ One exception to this procedural default rule is for claims of ineffective assistance of counsel. Such claims may be brought in a Section 2255 proceeding whether or not the petitioner could have raised them on direct appeal. *Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

### A. As to Toron's Motions and Requests

Toron also asks the Court for appointed counsel and that she be allowed to proceed *in forma pauperis.*

Upon review of Toron's *in forma pauperis* application, the Court determines that her financial status qualifies her to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, To-

ron's request to proceed *in forma pauperis* is granted.

■ Regarding Toron's request for appointed counsel, the Criminal Justice Act provides: "Whenever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The Second Circuit has articulated several factors for determining whether to appoint counsel to an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). Those factors are helpful in determining whether to appoint counsel in the habeas corpus context, and they include: the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case. *See Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986); *see also Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 125 (2d Cir.1998).

As explained below, the Court finds that Toron's ineffective assistance of appellate counsel claim is without merit. Also, reviewing the standard at issue, the appointment of counsel is not warranted, and Toron's request is denied.

### B. As to the Ineffective Assistance of Counsel Claim

In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of

reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," *id.* at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal." *Dunham,* 313 F.3d at 730 (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because " 'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.' " *Pratt v. Greiner,* 306 F.3d 1190, 1196 (2d Cir.2002) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

Although the test for ineffective assistance of counsel contains two prongs, the Supreme Court specifically noted that the federal district courts need not address both components if a petitioner fails to establish either one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

■ Toron asserts that her attorney, Bruce Roistacher, "was a state attorney and not a federal lawyer" and as a result she *didn't receive the representation that she "deserved."* Specifically, Toron alleges that she had to tell him what penalties she faced under the sentencing guidelines, because "he wasn't aware of what I could or could not have gotten which could only

mean that he didn't even research the law."

Respondent argues to the contrary:

At the arraignment, Mr. Roistacher argued very persuasively for Toron's release, pointing out that the probation report stated that Toron was not a risk of flight; that Toron was a lifelong resident of Nassau County; that she had a significant family ties; and that she surrendered at the time she was originally sentenced by the Court. (April 24, 1998 Trans. at 5, 6). The Court's decision not to release Toron reflected not a failure on Mr. Roistacher's part but the Court's very serious and legitimate concern that Toron would injure herself or someone else by driving drunk. (April 24, 1998 Trans. at 5).

Mr. Roistacher also showed himself to be a very capable advocate for Toron at the time of her guilty plea and sentencing. During the plea allocution, Mr. Roistacher stated that he had discussed the guilty plea with Toron and that she was aware of the potential penalties, including the fact that the Court could sentence her up to twenty-four months. (April 30, 1998 Trans. at 9). Prior to entering her guilty plea, the Court asked Toron if she was satisfied with her attorney's representation; she responded that she was. (April 30, 1998 Trans. at 14).

After Toron pleaded guilty, Mr. Roistacher made a lengthy presentation to the Court. At the beginning of his presentation, Mr. Roistacher demonstrated his understanding and awareness of the sentencing guidelines faced by his client, and in fact, quoted those guidelines to the Court. (April 30, 1998 Trans. at 14). He made a compelling presentation on Toron's behalf, detailing her efforts to fight her compulsive gambling disorder; the progress that she had made in treat-

ing her anxiety and depression; and the fact that she had remained employed throughout the term of supervised release. (April 30, 1998 Trans. at 17–19). (Resp. Br. at 3.)

Other than her general assertions, Toron has not presented any evidence that counsel performed outside the range of reasonable representation. Moreover, she has not demonstrated that she suffered prejudice as a result of counsel's performance. Toron violated the provisions of her supervised release twice within three months—there is no indication that she would have received a reduced penalty if counsel had performed differently. Accordingly, Toron's ineffective assistance of counsel claim is denied.

### C. As to Toron's Sentence Issues

■ Toron also contends that she was on medication during sentencing which clouded her judgment, and that her sentence should be reduced for this and other reasons.

Toron did not file a direct appeal. As explained above, if a petitioner does not raise a claim on direct appeal, the Court cannot review it in a Section 2255 motion, absent cause and prejudice for the procedural default. Toron has not alleged cause or prejudice, nor has she shown that a fundamental miscarriage of justice will occur if the Court does not review her issues. Accordingly, Toron's claims with respect to modification of her sentence are denied.

### *CONCLUSION*

For the foregoing reasons, Toron's application to proceed *in forma pauperis* in this action is GRANTED. In addition, Toron's request for appointment of counsel is DENIED. Also, Toron's Section 2255 motion to vacate, set aside or correct her sentence is DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appeal-ability is denied, as Toron has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**