47

L.A. and G.A., on their own Behalf &
as Parents of M.A., Plaintiffs–
Appellants,

v.

GRANBY BOARD OF EDUCATION,
Defendant–Appellee.

Nos. 05–4168–cv, 05–6315–cv.

United States Court of Appeals,
Second Circuit.

May 15, 2007.

Lisa H. Anderson and Gordon N. Anderson, pro se, Granby, for Plaintiffs–Appellants.

Michael Peter McKeon, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT, for Defendant–Appellee.

Present: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing the magistrate judge's initial recommendation, his later "supplemental opinion" and the district court's acceptance and adoption of same, we reverse the June 30, 2005 judgment and vacate the October 19, 2005 judgment.

### Background

Plaintiffs LA and GA, parents of a minor disabled child, retained counsel for Individuals with Disabilities in Education Act ("IDEA") claims brought before a state hearing officer against the defendant Granby Board of Education ("Board"). After their partial success in administrative proceedings, Plaintiffs sought attorneys' fees and costs before the United States District Court for the District of Connecticut (Smith, MJ; Squatrito, J.). Plaintiffs, through their attorneys, entered into settlement discussions with the Board, and appeared to have agreed to a settlement of $25,000. When presented with the settlement documents, however, Plaintiffs changed their minds and refused to sign the papers.

The case went before Magistrate Judge Thomas P. Smith for what was styled as "a settlement discussion." After hearing testimony from Plaintiffs, the magistrate issued a short written opinion on April 7, 2005 (the "April Report"). In the April Report, the magistrate characterized Plaintiffs' behavior as "unfair, unreasonable, and inequitable," and awarded attorneys' fees to Plaintiffs' lawyers from Plaintiffs in the amount of $65,418. This was the amount Plaintiffs had demanded at the "settlement discussion" and was more than requested in their complaint for attorneys' fees ($39,254) and educational costs ($3,828.66). The magistrate "further f[ound] that the fees should be paid pursuant to the fee agreement which the [P]laintiffs entered into with their legal counsel." Finally, the magistrate dismissed the

Plaintiffs' case with prejudice. He directed that "an order should enter dismissing this action forthwith" although he noted that "[f]urther factual findings shall issue in the normal course." The April Report contained no statement regarding the parties' rights to appeal the magistrate's determination to the district court within ten days as permitted under 28 U.S.C. § 636(b)(1). Finally, in a separately filed Notice of Lis Pendens, the magistrate also "[o]rder[ed] that the Plaintiffs' counsel file this Lis Pendens on the Land Records." The district court adopted the magistrate's April Report [1] on June 30, 2005 in a one sentence opinion.

Plaintiffs, proceeding *pro se,* filed a notice of appeal with the district court on June 28, 2005, and with this Court on August 3, 2005.

On September 29, 2005, the magistrate filed what he styled a "supplemental memorandum, proposed findings of fact, and suggestion of lack of subject matter jurisdiction," which was "intended to assist in analyzing the record" (the "September Report"). The magistrate took the view that the "settlement conference" revealed that the lawsuit was "perpetuate[d] ... for vindictive reasons," and Plaintiffs' conduct was "unfair and inequitable." The magistrate concluded that as the case had "been settled by virtue of a private contract entered into by the parties," he should dismiss the case because any federal claim for attorneys' fees under IDEA had "merged" with the settlement contract, and there was no basis for diversity jurisdiction over that contract. The magistrate further noted that while the settlement resolved the

Board's liability for Plaintiffs' attorneys' fees, any remaining claims for fees by Plaintiffs' attorneys would be a contract matter to be resolved in state court. Finally, he advised Plaintiffs that they "may have a right to object" to the report under Federal Rule of Civil Procedure 72(b), and that failure to do so may bar further review. He did not, however, advise them that they only had ten days in which to object.

On October 19, the district court approved and adopted the September Report and dismissed with prejudice Plaintiffs' claims for lack of subject matter jurisdiction. The clerk entered a "supplemental judgment" dismissing the case with prejudice. Neither the district court's approval and adoption of the magistrate's report nor the clerk's supplemental judgment recited any judgment against Plaintiffs for attorneys' fees to their attorneys. Plaintiffs appealed this supplemental order on November 15, 2006.[2]

### Analysis

■ The Board argues that we do not have jurisdiction to hear this case because, as we have held, parents generally cannot represent their children's IDEA claims *pro se.* *See, e.g., Tindall v. Poultney High Sch. Dist.,* 414 F.3d 281, 285 (2d Cir.2005). However, a parent "is, of course, entitled to represent himself on his claims that his *own* rights as a parent under the IDEA were violated...." *Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 126 (2d Cir.1998), *cert. denied,* 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 363 (1999) (emphasis in original). We decide if a party is

---

1. Plaintiffs are not prevented from maintaining this appeal because they filed it with regard to the magistrate judge's report rather than that the district court's order. *See Sutton v. New York City Transit Auth.,* 462 F.3d 157, 160 (2d Cir.2006) (holding that notice of appeal of magistrate's decision "may be re-

garded as a premature notice of appeal, which ripened into a proper notice of appeal upon the entry of the ... judgment").

2. Plaintiffs also sought sanctions against the Board and their prior counsel, which we deny.

permitted to appear *pro se* by determining if this is the party's "own case or one that belongs to another." *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) (citations omitted). The attorneys' fees provision of the IDEA provides that the parents, not the child, will receive or pay attorneys' fees. 20 U.S.C. § 1415(i)(3)(B). As a result, the parents' rights under the IDEA are implicated here, and they may proceed *pro se.* *Wenger,* 146 F.3d at 126; *Iannaccone,* 142 F.3d at 558; *accord Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* 402 F.3d 332, 334 n. 2, 336 (2d Cir.2005) (permitting *pro se* parents to seek expert's fees in IDEA claim), *rev'd on other grounds by Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy,* — U.S. —, 126 S.Ct. 2455, 2461, 165 L.Ed.2d 526 (2006).

▪ Next, we must determine whether Plaintiffs waived the ability to appeal the magistrate's decisions because they did not file objections before the district court. *See Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989). It is arguable that no waiver occurred because the magistrate's decisions did not give them "clear notice" of the consequences of the failure to object, and their attorneys stopped representing them soon after the April Report.[3] *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). In any event, because the waiver rule is "nonjurisdictional," we may "excuse the default in the interests of justice," and choose to do so here. *Id.*

▪ Finally, we turn to the merits of Plaintiffs' appeal. In the April Report, the magistrate awarded attorneys' fees to

Plaintiffs' lawyers from Plaintiffs and dismissed the case with prejudice as a result of the Plaintiffs' "unfair, unreasonable, and inequitable behavior." Pursuant to the statute, parents may be required to pay attorneys' fees "to a prevailing State educational agency or local educational agency ... if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *See* 20 U.S.C. § 1415(i)(3)(B)(i)(III). There is nothing in the IDEA, however, that gives federal courts the power to require parents to pay fees to their own counsel. A court's ability to impose attorneys' fees in this country is not unlimited. *Accord Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247–262, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *see also Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 382, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction"). The court erred in directing Plaintiffs to pay their own attorneys' fees.

▪ The magistrate dismissed the complaint with prejudice.[4] We have long held that "outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts." *Nagler v. Admiral Corp.,* 248 F.2d 319, 322 (2d Cir.1957); *see also Stern v. General Elec. Co.,* 924 F.2d 472, 477 (2d Cir.1991). The court erred in dismissing Plaintiffs' case with prejudice.

The magistrate's September Report and the district court's October acceptance of

---

3. While Plaintiffs were represented by counsel when the magistrate's April Report was entered, their counsel soon thereafter sent Plaintiffs a letter advising them that they could file an appeal with this court, but would have to secure new counsel to do so. Nothing in that letter advised Plaintiffs that they could enter objections to the April Report with the district court.

4. A court may, under Federal Rule of Civil Procedure 41(b), dismiss a claim if a plaintiff does not comply with the Federal Rules or an order of the court. However, the magistrate neither cited this statute in his April Report nor did he find that Plaintiffs failed to comply with the Rules or any of his orders.

that report must be vacated, as they were entered after the case had been dismissed and after the appeal filed.[5] A district court "terminate[s] its jurisdiction over [a] complaint" when it dismisses a case. *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 (7th Cir.1985); *see also Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir.1997). Furthermore, Plaintiffs' filing of an appeal "confer[ed] jurisdiction on the court of appeals and divest[ed] the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir.2004). We finally note that even though the October order appeared to reverse, *sub silentio*, the award of the attorneys' fees, the court did not expunge the *lis pendens*. We thus direct the court to expunge the *lis pendens* filed as a result of Magistrate Smith's April 7, 2005 order. Finally, Plaintiffs' requests for sanctions against defense counsel and their own counsel are denied.

Accordingly, the June 30, 2005 judgment of the District Court adopting the magistrate judge's April 7, 2005 report and recommendation is hereby REVERSED AND REMANDED, and the district court's October 19, 2005 order accepting the magistrate judge's September 20, 2005 "supplemental opinion" is VACATED. Plaintiffs' motion for sanctions is DENIED. Finally, we order the court to EXPUNGE the *lis pendens* that was filed on April 7, 2005.

---

**5.** We admit to being troubled by the September Report and October order, as it should have been apparent to both the magistrate and the district judge that they no longer had jurisdiction over this matter.