FILED
United States Court of Appeals
Tenth Circuit

December 18, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CEDRIC GREENE,

      Plaintiff - Appellant,

and

KATRICE CYPHERS,

      Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

      Defendant - Appellee.

No. 18-1345
(D.C. No. 1:18-CV-01985-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Plaintiff Cedric Greene, proceeding pro se, filed a "Motion for Leave to File a

Civil Complaint" in the United States District Court for the District of Colorado. (It is

not clear why Plaintiff chose to file a motion instead of a complaint, but we note that a

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

number of courts—including this one—have placed filing restrictions on him. *See Greene v. Sprint Nextel Corp.*, No. 18-3027, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (imposing filing restrictions in the Tenth Circuit, and noting restrictions in the Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). The motion claimed that in June 2018 a "Federal entity" had in some way "victimized" his grandson, a five-year-old child, in King County, Washington, and that the child's mother, Katrice Cypher, desired "to proceed in a civil action." App. at 4-5. Plaintiff's pleadings on appeal make it clear that he is claiming that the United States Postal Service intentionally inflicted emotional distress on his grandson, because money was stolen from a birthday card sent to him and a second card was damaged the following day.

Recognizing its "inherent power to manage [its] docket[] to achieve the orderly and expeditious disposition of cases," App. at 14 (internal quotation marks omitted), the district court denied Plaintiff's motion and dismissed the case without prejudice on two grounds: (1) Plaintiff lacked standing to pursue the suit because a pro se plaintiff generally cannot represent the interests of a minor child in court, *see Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("In this circuit, we have held that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." (internal quotation marks omitted)); and (2) the district of Colorado was not a proper venue for the case, because the alleged events giving rise to Plaintiff's claim did not take place in Colorado and the intended defendant (then an unspecified "federal entity," now revealed

2

to be the Postal Service) did not reside in Colorado, s*ee* 28 U.S.C. § 1391(e)(1)(B) (limiting venue for suits against federal agencies to the district where "a defendant resides," "a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated," or "the plaintiff resides"); *id.* § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or . . . transfer such case."); *see also Reuben H. Donnelly Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978) (the "residence" of a federal agency is ordinarily limited to the District of Columbia). Plaintiff has appealed the dismissal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On appeal, Plaintiff makes no relevant arguments for reversal. His apparent argument that the district court should have appointed an attorney for his grandson rather than dismiss the case was never presented to the district court, and we will not consider it. *See Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.") His claim that he cannot, for undisclosed reasons, file this case in the Western District of Washington does not make venue proper in Colorado. And there is no merit to his assertion that the district court was required to issue an order to show cause or permit some additional filing before dismissing the suit. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("[T]he district court may consider . . . venue *sua sponte* . . . when the defense is obvious from the face of the complaint and no further factual record is required to be developed." (internal quotation marks omitted)); *Wenger v. Canastoga Cent. School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) ("The court has a duty

to enforce the . . . rule [that minor children must be represented by attorneys] *sua sponte*, for the infant is always the ward of every court wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." (brackets and internal quotation marks omitted)), *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). In any event, Plaintiff has not indicated how notice would have enabled him to cure the fatal defects recited by the district court.

We **AFFIRM** the district court's order denying Plaintiff's motion and closing the action. We **DENY** Plaintiff's motion to proceed *in forma pauperis*. We **GRANT** Plaintiff's motion to amend the case title.

Entered for the Court

Harris L Hartz
Circuit Judge

4