(3) We have reviewed the remainder of Northwood's arguments and find them to be without merit.  We therefore affirm.

**Maktoum Bin Rashid AL–MAKTOUM, Sheikh, Dubai, Mohammed Bin Rashid Al–MaKtoum, Sheikh, Dubai, United Arab Emirates, Hilal Bin Tarraf, Dubai, United Arab Emirates, United Arab Emirates Government, Defendants–Appellees.**

No. 02–7627.

United States Court of Appeals, Second Circuit.

Sept. 21, 2004.

**Siddik MOHAMMAD, and his family, Plaintiff–Appellant,**

v.

**Mohammed Hilal BIN TARRAF, Dubai, United Arab Emirates, Defendant,**

418

Siddik Mohammad, Buffalo, NY, for Plaintiff–Appellant, pro se.

PRESENT: CALABRESI, SACK, and RAGGI, Circuit Judges.

SUMMARY ORDER

In April 2002, plaintiff-appellant Siddik Mohammad, a Canadian resident, on behalf of himself and his family, brought suit against defendants Mohammed Hilal Bin Tarraf, Sheikh Maktoum Bin Rashid Al–Maktoum, and Hilal Bin Tarraf (collectively, the "Bin Tarraf defendants"), as well as the United Arab Emirates government (the "UAE"), alleging various injuries pursuant to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350. Mohammad claimed that the Bin Tarraf defendants and the UAE caused his family to suffer false imprisonment, unlawful seizure of property, mental and physical torture, and other assorted injuries.

In May 2002, the district court (Elfvin, J.) sua sponte dismissed Mohammad's complaint, with prejudice, for lack of subject matter jurisdiction. Mohammad was not qualified to represent his children as an attorney, and so all claims raised by Mohammad on behalf of his children were, correctly, dismissed at the outset. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990) (noting that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child," and that the absence of counsel requires dismissal without prejudice in order to protect the child's rights). With respect to the remaining claims, three possible bases for jurisdiction were rejected. First, because the Federal Sovereign Immunities Act only permits a United States court to exercise jurisdiction over a foreign government in a limited number of cases involving issues not properly raised by Mohammad, his claims against the UAE were dismissed. Second, as neither Mohammad nor the Bin Tarraf defendants were residents of the United States, the court found diversity jurisdiction wanting under 28 U.S.C. § 1332. Finally, the court determined that, since the alleged torts occurred entirely within the United Arab Emirates and since none of the parties were currently residents of the United States, Mohammad's complaint did not bear a close connection to the United States, and therefore did not state claims "arising under" the ATCA for the purposes of 28 U.S.C. § 1331. In the alternative, the district court determined that the physical torture claims failed for lack of an allegation that the Bin Tarraf defendants acted under color of state law when committing these torts. Mohammad now appeals his complaint's dismissal.

With respect to Mohammad's claims against the UAE, we affirm for substantially the reasons expressed by the district court. We do the same for each of Mohammad's allegations of property seizure by the Bin Tarraf defendants. *See Bigio v. Coca–Cola Co.,* 239 F.3d 440, 448–49 (2d Cir.2000).

■ With respect to Mohammad's claims arising out of physical torture, we vacate the district court's order of dismissal. Such torture may be actionable under the ATCA and its companion act, the Torture Victims Protection Act ("TVPA"), Pub.L. No. 102–256, 106 Stat. 73 (1991), *see Sosa v. Alvarez–Machain.,* ——— U.S. ———, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004), regardless of the existence of a close United States connection, *see, e.g., Wiwa v. Royal Dutch Petroleum Co.,* 226 F.3d 88, 104–06 (2d Cir.2000). And, although Mohammad's complaint, on its face, does not allege that the TPVA was violated in contravention of the ATCA and the law of nations, a *pro se* litigant should typically receive at least one opportunity to amend his or her complaint. *See* Fed.R.Civ.P. 15(a); *Min Jin v. Metro. Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir.2002). Since Mohammad might, upon amending his claims, adequately allege harms arising under the ATCA, we vacate the district court's decision and remand the case with instructions to permit Mohammad to amend his complaint.[1]

We have considered all of Mohammad's arguments on appeal, and, with the exception of those related to his own claims of physical torture, find them to be without merit. The district court's dismissal is AFFIRMED in part, VACATED in part, and the case REMANDED for further proceedings consistent with this order.

---

1. Read liberally, Mohammad's complaint does seem to allege that the Bin Tarraf defendants acted under color of state law. But if his complaint fails in this regard, an opportunity to correct that defect, by amending the complaint, is appropriate as well.