**Siddik MOHAMMAD, Plaintiff–Appellant,**

v.

**Mohammed Hilal BIN TARRAF, Dubai, United Arab Emirates, Sheikh Maktoum Bin Rashid Al–Maktoum, Dubai, Sheik Mohammed Bin Rashid Al–Maktoum, Dubai, United Arab Emirates, Hilal Bin Tarraf, Dubai, United Arab Emirates, Defendants–Appellees.**

**No. 07–1504–cv.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2008.

Siddik Mohammad, pro se, Etobicoke, Ontario, Canada, Appellant.

Kevin M. Kearney, Hodgson Russ LLP, Buffalo, New York (for Sheikh Maktoum Bin Rashid Al–Maktoum and Sheik Mohammed Bin Rashid AlMaktoum).

Joseph W. Allen, Dennis K. Schaeffer, Buffalo, NY, on submission (for Mohammed Hilal Bin Tarraf and Hilal Bin Tarraf).

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. KELLY,* Circuit Judges.

### SUMMARY ORDER

Siddik Mohammad appeals from a judgment of the United States District Court for the Western District of New York dismissing his complaint for failure to state a claim upon which relief can be granted. We assume the parties are familiar with the facts and procedural history of this case.

"We review a district court's decision on a motion to dismiss *de novo.* We accept as true the facts alleged in the complaint and draw inferences from the complaint in the light most favorable to the plaintiffs." *Port Washington Teachers' Ass'n v. Bd. of Educ. of the Port Washington Union Free Sch. Dist.,* 478 F.3d 494, 498 (2d Cir.2007) (citation omitted). However, "if a claim [is] not plausible, it [must] be supported by an allegation of some subsidiary facts to survive a motion to dismiss." *Benzman v. Whitman,* 523 F.3d 119, 129 (2d Cir.2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).

* The Honorable Paul J. Kelly, Jr. of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

In a September 21, 2004, summary order, this Court affirmed an order of the district court dismissing for want of subject matter jurisdiction the plaintiff's Alien Tort Claims Act ("ACTA") claims against the United Arab Emirates and further ACTA claims alleging unlawful property seizure against the individual defendants. *See Mohammad v. Bin Tarraf,* 114 Fed. Appx. 417, 419 (2d Cir.2004) (summary order). We remanded the cause to afford the plaintiff the opportunity to plead, or replead, his claims, if any, arising out of physical torture, noting that "[s]uch torture may be actionable under the ACTA and its companion act, the Torture Victims Protection Act." *Id.* The plaintiff subsequently filed an amended complaint that made the same allegations as the first one, except it added introductory language stating that "the Bin Tarraf[ ] defendants have physically tortured him and his family members," and made certain other assertions not pertinent to the plaintiff's own claims for relief.

The amended complaint does not allege facts sufficient to support the plaintiff's conclusory assertion that he suffered actual physical torture any more successfully than did his previous complaint. He does not expand the discussion of the "factual background" to allege any specific instances of torture—the gravamen of his complaint remains the threats, harassment, discriminatory treatment, confiscation of and occupation of property, and imprisonment he and his family allegedly suffered. While we are, of course, fully aware of the plaintiff's assertion that he was a victim of serious mistreatment, his pleadings nonetheless remain legally insufficient. The district court was therefore correct to dismiss Mohammad's complaint under the law

of the case. *See Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 148–49 (2d Cir. 1999). To the extent the plaintiff seeks to relitigate the claims that were previously dismissed for want of subject matter jurisdiction, moreover, he provides no reason why we should overrule our previous conclusion, by which we are bound, that we have no such jurisdiction.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Mohammad's two pending motions are DENIED as moot.