**Tse–Ming CHEUNG, M.D.,**
**Plaintiff-Appellant,**

v.

**YOUTH ORCHESTRA FOUNDATION OF BUFFALO, INC., Anne Luchsinger, John Potts, and Ansgarius Aylward, Defendants–Appellees.**

**No. 1114, Docket 89–9233.**

United States Court of Appeals, Second Circuit.

Argued May 1, 1990.

Decided June 21, 1990.

---

Tse–Ming Cheung, Hamburg, N.Y., pro se.

Roy L. Wixson, Buffalo, N.Y., for defendants-appellees.

Before LUMBARD, FEINBERG and WINTER, Circuit Judges.

WINTER, Circuit Judge:

Plaintiff Tse–Ming Cheung, M.D., appeals from Judge Elfvin's dismissal of his *pro se* complaint. Although the complaint is solely in his name, the litigation is brought on behalf of his minor daughter under various civil rights statutes, including 42 U.S.C. § 1981 (1982). The underlying dispute arose when a youth orchestra gave Cheung's daughter a seat in the first violin section that Cheung and his daughter regarded as inappropriate. The complaint alleges that the seating was based on her Chinese–American national origin. Cheung, as the plaintiff, seeks to bring this complaint *pro se*. We hold that he may not

do so and remand to give him an opportunity to retain a lawyer.

## BACKGROUND

Our statement of the factual background in this case is based on the pleadings and the record developed before the lower court's jurisdictional ruling. Plaintiff sues on behalf of his daughter, Elaine Siu–Kwok Cheung, who was sixteen years old at the time of the filing of the complaint. Defendant the Youth Orchestra Foundation of Buffalo, Inc. (the "Foundation") sponsors two student orchestras, the Greater Buffalo Youth Orchestra (the "Orchestra") and a preparatory orchestra.[1] They appear to receive some public support. In June of 1987, Elaine auditioned for admission to the Orchestra and was assigned to the first violin section, seventh seat, for the 1987–88 season. Her seating assignment was arrived at by alphabetical order.

In 1988, Elaine again auditioned for the Orchestra and was accepted for the first violin section. Some weeks prior to the first rehearsal of the 1988–89 Orchestra season the manager of the Orchestra advised Cheung that the first four seats in the first violin section had been decided by audition results and that the rest of the first violin players would be seated in reverse alphabetical order. The Orchestra claims to have adopted the reverse alphabetical order for this season so that members with names late in the alphabet would not always get the least desirable seats. At the first rehearsal in September of 1988, Elaine was placed in seat fourteen out of either fourteen or fifteen seats because of the reverse alphabetical seating order. It appears that the odd-numbered seats in the first violin section are nearest to the audience. In protest, Cheung and his daughter left the rehearsal. She has not participated since.

Plaintiff initiated this action against the defendants alleging racial discrimination against Elaine. Cheung alleged in his com-

1. Defendant Anne Luchsinger is alleged to be the president of the Foundation's board of directors. Defendants John Potts and Ansgarius Aylward are alleged to be the manager and the music director of the Orchestra, respectively.

plaint that the reverse alphabetical seating, which resulted in Elaine getting an even-numbered seat, was adopted to reduce the number of Asian–Americans near the audience. In November of 1988, the district court denied Cheung's request for a preliminary injunction to compel Elaine's placement in the seventh seat or better in the first violin section. *Cheung v. Youth Orchestra Found.*, No. CIV–88–984E, 1988 WL 125193 (W.D.N.Y. Nov. 17, 1988) (order denying preliminary injunction).

Discovery in the case proceeded. It disclosed facts seemingly at odds with any racial purpose in the seating arrangement. For example, seats one and three of the first violin section were determined by audition and accorded to Asian–Americans. Substantial numbers of other Asian–Americans also participated in the Orchestra without incident or signs of discrimination. So far as we can tell, discovery revealed nothing to support Cheung's claim, although his suspicions of stereotypical discrimination were further aroused when he learned that a member of the Orchestra's board had been born in Vienna in 1938 and lived there during the Nazi rule.

In late 1989, the parties had pending discovery motions and cross-motions for sanctions. On December 6, 1989, the district court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). Cheung appealed from that dismissal.

### DISCUSSION

■ We do not address the jurisdictional issue because we conclude that Cheung may not bring this action *pro se.* We therefore remand for further proceedings to give Cheung an opportunity to hire a lawyer.

■ A litigant in federal court has a right to act as his or her own counsel. *See* 28 U.S.C. § 1654 (1982) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."). *See generally O'Reilly v. New York Times Co.*, 692 F.2d 863,

867–70 (2d Cir.1982) (discussing statutory right to self-representation in civil cases).[2] The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause. *See id.* at 867 & n. 5. The right to conduct one's own litigation "is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." *Id.* at 867.

However, we agree with *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed.R. Civ.P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.

■ It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian. Sole shareholders of corporations are not allowed to represent such corporations *pro se, see National Independent Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609–10 (11th Cir. 1984), *cert. denied sub nom. Patterson v. Buena Vista Distribution Co.*, 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985), a circumstance in which the identity of the litigant and *pro se* attorney is closer than the present case. To allow guardians to bring *pro se* litigation also invites abuse, as the present case may demonstrate. In appropriate circumstances, of course, the district court may appoint counsel, *see* Fed.R. Civ.P. 17(c), 28 U.S.C. § 1915(d) (1988); *see*

---

**2.** New York has a similar statute, *see* N.Y.Civ.

Prac.L. & R. 321(a) (McKinney 1990).

*also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986).

We believe that no issues concerning this litigation should be decided until the counsel issue is resolved. We remand to give Cheung an opportunity to retain counsel or to request the appointment of counsel. However, we confess our own view that the facts of this case hardly cry out for the appointment of counsel. If Cheung does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice.

Remanded. No costs. Cheung's motion to strike portions of appellees' appendix and for sanctions is denied.