Angela Danielle LIPSMAN, an infant under the age of ten (10) years by her Father and Natural Guardian, Daniel Jean Lipsman, Plaintiff,

Daniel Jean Lipsman, Plaintiff–Appellant,

v.

NEW YORK CITY BOARD OF EDUCATION, Defendant–Appellee.

No. 99–9337.

United States Court of Appeals, Second Circuit.

May 30, 2000.

Daniel Jean Lipsman, New York, NY, pro se.

Susan Choi–Hausman, Assistant Corporation Counsel of the City of New York; Michael D. Hess, Corporation Counsel, New York, NY, for appellee.

Present OAKES, MINER and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff–Appellant Daniel Jean Lipsman, *pro se* and *in forma pauperis,* appeals from a judgment entered September 28, 1999 in the United States District Court for the Southern District of New York (Stein, J.), dismissing Lipsman's claims, brought on behalf of himself and his daughter, Angela Lipsman, that the New York City Board of Education's Mandatory Uniform Policy violates their rights to free speech, equal protection, privacy, and liberty under the First, Ninth, and Fourteenth Amendments. On July 14, 1999, the district court granted summary judgment to the defendant on the claims brought by Daniel Lipsman on his own behalf, finding them without merit. With respect to Angela Lipsman's claims, the court held that Daniel Lipsman could not appear on behalf of his daughter and stated that if Mr. Lipsman did not obtain counsel for Angela within thirty days, her case would be dismissed. By memorandum endorsement dated August 9, 1999,

the district court granted Lipsman's motion to extend the deadline for entering an appearance of counsel on behalf of his daughter to September 1, 1999. The trial court subsequently denied Lipsman's motion to appoint counsel for Angela, and, on September 21, 1999, dismissed Angela's claims because no attorney had entered an appearance on her behalf.

At oral argument, Daniel Lipsman waived all claims on behalf of himself. On appeal, he contends that the district court's dismissal of Angela's claims on the ground that she lacked an attorney deprived her of her right to a day in court.

A non-attorney parent may not bring an action on behalf of his or her child without representation by counsel. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) (noting that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"); *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir.1998) (per curiam), *cert. denied*, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 363 (1999) (holding that the court has a duty to enforce the *Cheung* rule sua sponte where defendants had not raised the issue); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997) (noting that because appearance *pro se* denotes appearance for oneself, "a person ordinarily may not appear *pro se* in the cause of another person or entity"). This Court noted in *Cheung*, in which a parent attempted to litigate a race discrimination claim on behalf of his daughter, that it is not in the interests of minors to be represented by non-attorney guardians, because they are entitled to trained legal assistance to ensure the full protection of their rights. *See* 906 F.2d at 61. As the court reasoned, "[t]here is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian." *Id.*

In light of this rule, the trial court correctly dismissed Angela's claims because she was not represented by an attorney. As Angela was without counsel in this action, and the district court did not address the substance of her claims, we deem the dismissal to have been without prejudice.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.