Reverend Negil L. McPHERSON, et al., Plaintiffs,

v.

SCHOOL DISTRICT NO. 186, Springfield, Illinois, Defendant.

Appeal of: Margaret J. Collins.

No. 00–3318.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 2002.*

Decided April 18, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

Before POSNER, EASTERBROOK and RIPPLE, Circuit Judges.

### ORDER

Margaret Collins tried to intervene pro se on behalf of her minor children in the Springfield school district desegregation litigation. That litigation began more than a quarter of a century ago, and in 1976 the district court ordered the school district to desegregate its schools pursuant to an approved plan. *See McPherson v. School Dist. # 186,* 426 F.Supp. 173 (S.D.Ill.1976). In January 2000 the school district filed a motion to modify the desegregation order. After the district court granted that motion, Collins filed a motion to intervene as of right under Fed.R.Civ.P. 24(a)(2). The district court denied Collins's motion, and she appeals, appearing once again pro se on behalf of her children.

On appeal the parties focus their attention on whether the district court properly denied Collins's motion to intervene. We must confront a preliminary question, however, and that is whether Collins may prosecute this appeal pro se on behalf of her children. *See Navin v. Park Ridge Sch. Dist.,* 270 F.3d 1147, 1148–49 (7th Cir.2001) (per curiam); *see also Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 125 (2d Cir.1998) (per curiam) (court has obligation to sua sponte consider pro se representation of child). Litigants in federal court have a statutory right to proceed pro se. *See* 28 U.S.C. § 1654 (permitting parties to "plead and conduct their own cases personally or by counsel"). But that right is limited to self-representation; a nonlawyer may not proceed pro se on behalf of another. *See Lewis v. Lenc–Smith Mfr. Co.,* 784 F.2d 829, 830 (7th Cir.1986) (per curiam); *United States v. Taylor,* 569 F.2d 448, 451 (7th Cir.1978);

*Machadio v. Apfel,* 276 F.3d 103, 106 (2d Cir.2002); *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir.1998); *Herrera–Venegas v. Sanchez–Rivera,* 681 F.2d 41, 42 (1st Cir. 1982). This rule similarly applies where a parent proceeds on behalf of a child under Fed.R.Civ.P. 17(c), *see T.W. by Enk v. Brophy,* 124 F.3d 893, 895 (7th Cir.1997); thus, a parent may not proceed pro se on behalf of a child, *see Navin,* 270 F.3d at 1149 (IDEA case); *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 231 (3d Cir. 1998) (IDEA case); *Wenger,* 146 F.3d at 124–25 (IDEA case); *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (civil rights case); *Cheung v. Youth Orchestra Found.,* 906 F.2d 59, 61 (2d Cir.1990) (civil rights case); *Meeker v. Kercher,* 782 F.2d 153, 154 (10th Cir.1986) (per curiam) (civil rights case); *cf. Machadio,* 276 F.3d at 106–07 (nonlawyer parent could proceed pro se on behalf of child in social security case because parent had a financial stake in outcome); *Harris v. Apfel,* 209 F.3d 413, 416–17 (5th Cir.2000) (same). As the court in *Cheung* reasoned, the choice to appear pro se is not a "true choice" for minors and therefore they are entitled to trained legal assistance so that their rights may be fully protected. *See* 906 F.2d at 61. Collins is a not lawyer and she has not retained a lawyer to prosecute this appeal. Her pro se representation of her children is therefore forbidden, and the appeal is DISMISSED.