**Genrikh VAPNE, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

**Docket No. 01–6247.**

United States Court of Appeals, Second Circuit.

June 10, 2002.

———

Genrikh Vapne, pro se, Brooklyn, NY, for Plaintiff–Appellant.

Phillip J. Miller, Assistant United States Attorney for the Eastern District of New York (Alan Vinegrad, United States Attorney, Deborah B. Zwany and Kathleen A. Mahoney, Assistant United States Attorneys, on the brief) New York, NY, for Defendant–Appellee.

Present STRAUB and SOTOMAYOR, Circuit Judges, and GOLDBERG, Judge.*

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Genrikh Vapne, *pro se*, brings this action on behalf of his wife, Roza Vapne, and appeals from a judgment of the District Court dismissing his 42 U.S.C. §§ 405(g) and 1383(c)(3) complaint alleging that the Social Security Administration ("SSA") incorrectly calculated the amount of retroactive Social Security Income ("SSI") disability benefits owed to his wife, Roza.

On appeal, Genrikh argues that the SSA Commissioner: (1) miscalculated the amount of SSI benefits owed to Roza; (2) violated the provisions of the Social Security Act by applying the term "couple rate" to Genrikh and Roza; (3) failed to apply the cost of living adjustment ("COLA") in calculating Roza's SSI benefits and, as a result of the delay in payment, should use the 2002 COLA and pay the difference of $3,950.53 in underpaid SSI benefits for the relevant retroactive period from December 1995 to March 1998; and (4) violated Roza's due process rights in processing her case.

■ Before turning to the merits of this case, however, we must first consider whether a husband may bring a *pro se* action on behalf of his wife challenging a SSA determination. This Court may *sua sponte* review whether a district court erred by allowing a litigant to proceed without the benefit of counsel. *See Machadio v. Apfel*, 276 F.3d 103, 105–06 (2d Cir.2002). Although litigants in federal court have a statutory right to choose to act as their own counsel, *see* 28 U.S.C. § 1654, an individual who is not licensed as an attorney "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998). In a similar context, we have held that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). Notwithstanding, where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent has a sufficient interest in the case and meets basic standards of competence, the parent may proceed on behalf of his or her child to challenge the denial of SSI benefits to the child without representation by an attorney. *See Machadio*, 276 F.3d at 107.

Similarly, here, under the SSA's regulations, the interests of Genrikh and Roza are closely intertwined. In particular, Genrikh has a significant stake in the amount of SSI benefits owed to Roza due to their status as an eligible couple under the Commissioner's regulations. And although the District Court did not undertake a searching inquiry into Genrikh's competence to represent his wife, given the lack of substance to his claims, more was not necessary.[1] Additionally, we note

---

* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

1. In *Machadio*, we held that "[i]n those cases where the claimant's position seems likely to be of substance, the district court must undertake a searching examination into the claim-ant's competence, and assure itself of that competence." Here, however, because Vapne's claims clearly lack merit, the District Court was not obligated to undertake such a searching inquiry.

that Genrikh had represented Roza in the administrative proceedings before the Commissioner, which is permissible. *See* 42 U.S.C. § 406; *see also* 20 C.F.R. § 416.1505(b). And nothing in the record indicates that there was a substantial change in Genrikh's ability to represent his wife between those administrative proceedings and this appeal. *See id.* at 108. Therefore, the District Court did not err in allowing Genrikh to proceed in this action on behalf of Roza, and he may continue to represent his wife on appeal.

Generally, a decision of an administrative agency will be overturned if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or if the decision was unsupported by substantial evidence. 5 U.S.C. § 706(2); *Brink's, Inc. v. Herman,* 148 F.3d 175, 178–79 (2d Cir.1998). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000) (*quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). When reviewing determinations made by the SSA Commissioner, this Court conducts a plenary review of the administrative record. *See Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir.1998). This Court does not conduct a *de novo* review, but may only set aside the Commissioner's determinations if the factual findings are not supported by substantial evidence, or if incorrect legal standards were applied. *See Bubnis v. Apfel,* 150 F.3d 177, 181 (2d Cir.1998). However, this Court reviews district court orders granting motions to dismiss pursuant to Fed. R. Civ. P 12(c) *de novo. See King v. American Airlines, Inc.,* 284 F.3d 352 (2d Cir.2002).

■ In determining whether Roza's benefits were correctly calculated, the Commissioner applied the proper statutory authority and implementing regulations. Pursuant to 20 C.F.R. § 416.120(c)(5), the term "couple" is defined as an eligible individual and his eligible spouse. Under 42 U.S.C. § 1382(b)(1) and (2), an eligible individual who does not have an eligible spouse shall receive $1,752 in SSI benefits, while an individual who has an eligible spouse shall receive $2,628. The regulations similarly provide that an eligible individual, who does not have an eligible spouse and, therefore, cannot be classified as part of a "couple," should be paid $5,640 per year, or $470 per month, in SSI benefits, *see* 20 C.F.R. § 416.410, and an eligible couple should be paid $8,460 per year, or $705 per month, *see* 20 C.F.R. § 416.412.

The Commissioner's finding that the amount of Roza's retroactive SSI benefits should be limited based upon the updated classification of Genrikh and Roza as an eligible couple, as opposed to their previous classification as an eligible individual with an ineligible spouse, is supported by substantial evidence in the administrative record. Specifically, Genrikh and Roza are entitled to more SSI benefits as an eligible couple than is an eligible individual with an ineligible spouse. On the other hand, they are not entitled to twice the amount an eligible individual would have received. Given this, the Commissioner found that the SSA had underpaid Genrikh and Roza since they were an eligible couple and should have been paid more than the amount previously paid to Genrikh as an eligible individual.

In order to compensate Genrikh and Roza, the Commissioner calculated the difference between the amount received by Genrikh as an eligible individual with an ineligible spouse and the amount Genrikh should have received as an eligible individual with an eligible spouse, and subtracted the difference from the amount Roza was

entitled to as an eligible individual with an eligible spouse. Had the Commissioner not offset Roza's benefits, Genrikh and Roza would have received more benefits than they were entitled to as an eligible couple and, therefore, the Commissioner's calculations prevented Genrikh and Roza from obtaining a windfall.

We have examined Genrikh's remaining claims on appeal and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.