

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Harris-Thomas v. Christina Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1184

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Harris-Thomas v. Christina Sch Dist" (2005). *2005 Decisions.* Paper 874.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/874

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1184
_____

LORRAINE G. HARRIS-THOMAS,
Appellant

v.

CHRISTINA SCHOOL DISTRICT

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 02-cv-00253)
District Judge: Honorable Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before: RENDELL, AMBRO AND FUENTES, CIRCUIT JUDGES

(Filed:  July 12, 2005 )

_____

OPINION
_____

PER CURIAM

Lorraine G. Harris-Thomas filed a counseled complaint and amended complaint to

sue Christina School District on behalf of herself and her minor son, Isaac Harris, for civil rights violations arising from the manner in which Christiana School District employees treated her son after he was in a fight with another middle school student. She claimed that Christiana School District violated Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment, and intentionally inflicted emotional distress.[1] Shortly after the amended complaint was filed, her attorney moved to withdrawal from the case, and his motion was granted. Since then, Harris-Thomas has represented herself and her son in their civil action. Christiana School District moved for summary judgment in its favor. The District Court considered whether Isaac had been illegally discriminated against, whether Isaac Harris had been deprived of his due process rights, and whether Isaac had suffered intentionally-inflicted emotional distress, and granted Christina School District's motion. Harris-Thomas then moved for reconsideration, which was denied. Harris-Thomas appeals. For the reasons set forth below, we will vacate in part and affirm in part.

We will vacate the District Court's order entering judgment against Isaac Harris because his mother represented him as a *pro se* litigant. Harris-Thomas was not entitled to represent her son in place of an attorney in federal litigation. *See Osei-Afriyie v. Med.*

---

[1]On appeal, Harris-Thomas, on her son's behalf, also presses a Fourth Amendment claim of unlawful search and seizure and a Fifth Amendment self-incrimination claim because her son was taken to a school conference room and asked by the school principal to write down his version of the fight. Allegations of unreasonable search and seizure or compelled self-incrimination did not appear in Harris-Thomas' complaint or amended complaint and were mentioned only in passing in her response to Christiana School District's motion for summary judgment.

*Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). On remand, Harris-Thomas may decide to secure counsel for her son and continue to pursue his claims, or she may decide not to proceed, at which point Isaac Harris' claims can be dismissed without prejudice, to accrue for statute of limitations purposes when he turns eighteen years old, or sooner, if he becomes an emancipated minor. *See id.* Because Isaac Harris appears to be approaching the age of majority, the District Court may wish to consider whether it would be appropriate to stay his case until he can make a decision about whether he would like to proceed on his own behalf, with or without the assistance of counsel.

Harris-Thomas, of course, was permitted to represent her own interests in federal court. *See* 28 U.S.C. § 1654 (2005). *See also Osei-Afriyie*, 937 F.2d at 882 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59 (2d Cir. 1990)). Christina School District moved for summary judgment on her claims, arguing that any actions taken toward Isaac Harris did not harm her or intend to cause her harm. The District Court did not clearly delineate which claims were brought by Harris-Thomas in her own right before granting Christina School District's motion. Nonetheless, to the extent that the District Court's order entered judgment against Harris-Thomas, it is affirmed. She failed to state a claim on her own behalf in most counts of the amended complaint. To the extent that she did state a claim, she could not prevail in the face of Christina School District's motion for summary judgment. For example, in her response to the motion for summary judgment, Harris-Thomas presented no evidence that could establish that Christina School District intentionally inflicted emotional distress on her.

For the reasons stated above, the District Court's order will be vacated to the extent it entered judgment against Isaac Harris, and affirmed to the extent it granted judgment against Harris-Thomas. This matter is remanded to the District Court for further proceedings consistent with this opinion.