

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Montclair Bd Ed v. M W D

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4536

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Montclair Bd Ed v. M W D" (2006). *2006 Decisions.* Paper 958.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/958

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4536
_____

MONTCLAIR BOARD OF EDUCATION

v.

M.W.D. on behalf of D.W.D.,
                                        Appellant
_____

Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-03516)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2006

Before: RENDELL, AMBRO and *ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed June 5, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    On June 6, 2005, Montclair Board of Education ("Montclair") and M.W.D., the

parent of D.W.D., entered into a settlement agreement relating to the educational

_____

* Judge Roth assumed senior status as of May 31, 2006

placement of D.W.D.[1]  Montclair agreed to provide D.W.D. with independent

neuropsychological, psychiatric, educational, and assistive technology evaluations.

(Supp. App. at pa40, Settlement Agreement ¶ 2).  So that the evaluations could be

completed, M.W.D. agreed to sign a release for the release of D.W.D.'s records.  (Id.)

The settlement agreement also provided the following:

> Pending the results of the independent evaluations, the parent and D.W.D.
> has [sic] agreed to participate in the enrollment/application process for the
> Sage Day School, a private day school for the disabled, or another
> appropriate out of district day program.
>
> If D.W.D. is accepted at Sage Day School, the District agrees to pay for the
> ESY [Extended School Year] provided at Sage.  If D.W.D. is not accepted
> at Sage Day School, the District agrees to provide D.W.D. with ESY services
> in the form of twenty (20) hours of tutoring in the five (5) major subjects
> that D.W.D. has studied this school year over the course of four (4) weeks in
> July 2005.

(Id., Settlement Agreement ¶¶ 4 & 5).  The settlement agreement also allowed either party

to bring an action to enforce its terms.  (Id. at pa41, Settlement Agreement ¶ 9.)

On July 8, 2005, Montclair filed a complaint in the United States District Court for

the District of New Jersey.  In the caption, Montclair named "M.W.D o/b/o D.W.D." as

the defendant, and in the text, Montclair referred to M.W.D. as the defendant.  (Supp.

App. at pa30.)  Montclair alleged that Sage Day School had accepted D.W.D. for the ESY

program, and that M.W.D. was violating the settlement agreement by not presenting

D.W.D. for the bus to take him there.  (Id. at pa 31-32.)  Montclair requested that the

---

[1]D.W.D. was identified as a party to the settlement in the text of the agreement, but he was not a signatory to it.

District Court order M.W.D. to comply with the settlement agreement "by presenting D.W.D. for placement on the bus and at Sage Day's summer program" and "such other relief as the court deems equitable and just." (Id. at pa33.) With the complaint, Montclair filed a letter brief, in which it requested immediate enforcement of the settlement agreement, noting that the Sage summer program ran from June 27, 2005, to July 29, 2005. (Letter Brief dated July 8, 2005.)

On the same day that Montclair's complaint was entered on the docket, the District Court issued an order to show cause why the District Court should not order that "Defendant must comply with the terms of the Settlement Agreement" and "D.W.D. will attend the Sage Summer Day Program immediately." (Order of July 15, 2005.) Pending a hearing, the District Court restrained M.W.D. from deviating from the terms of the settlement agreement by not placing D.W.D. on the bus for the Sage ESY program. (Id.)

M.W.D. filed an answer to Montclair's complaint and letter brief. With her answer, she included counterclaims against Montclair, asserting that Montclair was in breach of the settlement agreement. (Supp. App. at pa74.) She argued that she and D.W.D. had agreed to participate in the application process for Sage Day School, but that D.W.D. was not required to attend Sage Day School until the independent evaluations were completed. (Id. at pa73.) She asked the District Court to find Montclair in breach of the agreement because, among other things, it failed to provide independent evaluations and brought an action to force D.W.D. to go to a program not deemed appropriate by independent evaluators. (Id. at pa74.) She also requested compensatory

3

educational services for her son to make up for Montclair's alleged breach and purported failure to provide a free appropriate public education in the previous school year. (Id. at pa74-pa75.)

The District Court held a hearing on August 9, 2005. The Sage ESY program had ended without D.W.D. having attended it for one day. (Supp. App. at pa6-pa7.) At the hearing, the District Court, noting that the summer term was over, asked the parties what they wanted the District Court to do. (Id. at pa6.) Montclair asked that D.W.D. be ordered to go to Sage Day School in September. (Id. At pa13.) At first, the District Court remarked that such a request was not in the papers filed by Montclair, but then the District Court considered the language of the settlement agreement. (Id. at pa21-pa25.) The District Court also took testimony regarding the completion of independent evaluations of D.W.D., including M.W.D.'s cooperation with the process. (Id. at pa13-pa17.) M.W.D. attempted to bring her claim for compensatory educational services to the District Court's attention, but the District Court concluded that the issue was not before it. (Id. at pa27.) At the hearing, the District Court declared the following: "I'm going to hold that this agreement meant that [D.W.D.] would go to Sage pending the independent evaluations." (Id. at pa26.) The District Court explained to M.W.D., "[D.W.D. is] going to go to Sage, as it says in the agreement . . . . [i]t's my ruling that he attend there." (Id. at pa26-27.) The District Court then entered the following written order:

ORDERED that Defendant, M.W.D. be and hereby is restrained from

4

> violating the terms of the settlement agreement entered into between the parties on June 6, 2005; and
>
> IT IS FURTHER ORDERED that D.W.D. will attend, at district expense, the program offered at the Sage Day School, a private school for children with disabilities, until such time as independent evaluations are completed and an IEP meeting is held to consider the findings of those independent evaluations.

(Order of August 18, 2005.)

"M.W.D. o/b/o D.W.D." appeals from the District Court's order. (Supp. App. at pa1.) To the extent that we have jurisdiction over this appeal, we proceed under 28 U.S.C. § 1292(a)(1). This appeal, in part, relates to an order granting injunctive relief. See United States v. Santtini, 963 F.2d 585, 591 (3d Cir. 1992) ("To actually fall within the scope of section 1292(a)(1) and be deemed an 'injunction,' the order must be "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than preliminary fashion."").[2]

We have jurisdiction over an appeal from M.W.D. on her own behalf, as the District Court restrained her from violating the terms of the settlement agreement. However, although M.W.D. contends that the District Court drew the wrong conclusion about her level of cooperation with the independent evaluation process, she does not appeal from that aspect of the District Court's order directed toward her. Therefore, we will affirm the District Court's order as to her.

---

[2]Although Montclair's original complaint related only to the settlement agreement provisions about the Sage Day School ESY program, the District Court implicitly allowed Montclair to amend its complaint at the hearing to seek broader relief.

5

On appeal, M.W.D. focuses most of her arguments on her disagreement with the District Court's decision to require D.W.D. to attend Sage Day School pending the outcome of the evaluations. She also takes issue with the District Court's decision to allow the case to proceed without counsel representing D.W.D. In essence, and as she captioned her appeal, M.W.D. appeals on behalf of her son.

However, M.W.D. may not represent her son in place of an attorney in federal litigation. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).[3] Nonetheless, this does not mean that the appeal should be dismissed, as Montclair claims. (Appellee's Brief at 9.) Instead, because M.W.D. represented her son in the District Court, we will vacate the District Court's order requiring D.W.D. to attend Sage Day School pending the completion of independent evaluations. See Osei-Afriyie, 937 F.2d at 878, 883. On remand, the District Court may wish to consider whether D.W.D., having reached the age of majority, is a competent adult. If D.W.D. is a competent adult, he may choose to represent himself or employ an attorney. See 28 U.S.C. § 1654; see also Osei-Afriyie, 937 F.2d at 882-83 (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990)). If D.W.D. is not a competent adult, the District Court may wish to determine whether it should appoint counsel to represent him.

In addition to appealing from the District Court's order granting injunctive relief,

---

[3] D.W.D. has reached the age of majority. However, a mother who is not a lawyer may no more represent her adult son than she may represent her infant. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule.")

M.W.D. refers to her counterclaims, and seeks to argue that Montclair breached the settlement agreement. However, we do not have appellate jurisdiction under 28 U.S.C. § 1291 over this aspect of her appeal, despite the District Court's characterization of its order as final, because M.W.D.'s counterclaims are still pending in the District Court. See Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 640 (3d Cir. 1991) (requiring, for purposes of finality, a judgment final "as to all claims and as to all parties"). Nor do we have jurisdiction under 28 U.S.C. § 1292(a)(1), as the District Court did not deny the request for injunctive relief that accompanied M.W.D.'s counterclaims. The District Court merely concluded that M.W.D.'s counterclaims were not before it at the hearing it held. (Supp. App. at pa27.)

In sum, we will affirm the District Court's order to the extent that it restrained M.W.D. from violating the terms of the settlement agreement entered. We will vacate the District Court's order to the extent it required D.W.D. to attend the program offered at Sage Day School pending the completion of independent evaluations and the occurrence of an IEP meeting to consider the finding of those independent evaluations. In all other respects, we will dismiss this appeal for lack of appellate jurisdiction. We remand this matter to the District Court for further proceedings consistent with this opinion.