SUMMARY ORDER
Plaintiff-appellant James S. Hawkins-El III, pro se, appeals from a judgment of the *395 district court sua sponte dismissing his complaint as frivolous. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
In July 2005, Hawkins-El and Valerie Gaston filed a complaint naming AIG as a defendant and asserting that agents of AIG had made fraudulent statements inducing them to refinance their mortgage. By order dated July 13, 2006, the United States District Court for the Eastern District of New York (Dora L. Irizarry, Judge) granted AIG’s motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Hawkins-El v. AIG Sav. Bank, No. 05 Civ. 3222, 2006 WL 2008573, at *1, 2006 U.S. Dist. LEXIS 47517, at *1 (E.D.N.Y. July 13, 2006). By summary order dated February 27, 2007, a panel of this Court affirmed. Hawkins-El v. AIG Fed. Sav. Bank, No. 06-3534-cv, — Fed.Appx -, -, 2007 WL 642952, at *1, 2007 U.S.App. LEXIS 4772, at *1 (2d Cir.2007).
On March 27, 2007, Hawkins-El and Gaston filed a second complaint again naming AIG and alleging essentially the same course of conduct. By memorandum and order filed April 24, 2007, the district court dismissed the claim as frivolous. Hawkins-El v. AIG Federal Sav. Bank, No. 07 Civ. 1274, 2007 WL 1213232, at *3, 2007 U.S. Dist. LEXIS 30066, at *7 (E.D.N.Y. Apr. 24, 2007).
“[District courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing-fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.” Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir.2000). It is unclear whether we review such dismissals de novo or for abuse of discretion. Id. n. 2. But even applying the more rigorous de novo standard, we conclude that, for substantially the reasons stated by the district court in its memorandum and order, dismissal as to Hawkins-El was proper. The second complaint was both frivolous and precluded under the principles of res judicata.
As to Gaston, we dismiss the appeal for lack of prosecution. Although Gaston signed the notice of appeal, she did not file a brief, and her name does not appear on the brief filed by Hawkins-El, either on the front page or on the signature page, as a person submitting the brief; she did not argue orally. HawkinsEl is not an attorney and thus is not permitted to represent another person in federal-court litigation, see, e.g., 28 U.S.C. § 1654; Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir.1990). “An appellant’s failure to take any step other than the timely filing of a notice of appeal ... is ground ... for the court of appeals to act as it considers appropriate, including dismissing the appeal.” Fed. R.App. P. 3(a)(2). This appeal has been pending since 2007. Dismissal as to Gaston is appropriate.
We have considered all of Hawkins-El’s contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.