08-2703-cv
Mass v. Equinox Fitness Club, *et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand nine.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> > *Circuit Judges,*
> John F. Keenan, [*]
> > District Judge.

---

Alex Mass, Jaisiin Bethea, Freddie Gonzalez, Jason Guishard, Omar Harris, and Rodney Vanterpool,

> *Plaintiffs-Appellants*,

> v.                                                          08-2703-cv

Equinox Fitness Club, Equinox Holdings, Inc., The Equinox Group, Inc., Equinox Columbus Circle, Inc., Broadway Equinox, Inc., Equinox 63rd Street, Inc., Equinox Wall Street, Inc., Equinox Greenwich Avenue, Inc., Equinox Tribeca, Inc., Denise Berg,

> *Defendants-Appellees*.

---

---

[*]John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:        Alex Mass, *pro se*, Woodbridge, VA
Jaisiin Bethea, *pro se*, Bronx, NY
Freddie Gonzalez, *pro se*, New York, NY
Jason Guishard, *pro se*, Clemson, SC
Omar Harris, *pro se*, New York, NY
Rodney Vanterpool, *pro se,* Bronx, NY

FOR DEFENDANTS-APPELLEES:        Allan S. Bloom, Paul, Hastings, Janofsky &
Walker, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Alex Mass, *pro se*, appeals the district court's grant of the Defendants' motion for summary judgment, dismissing a complaint alleging gender discrimination in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abrams, L.L.P.*, 321

---

[1] Alex Mass filed the instant notice of appeal along with Jaisiin Bethea, Freddie Gonzalez, Jason Guishard, Omar Harris, and Rodney Vanterpool, all of whom were Plaintiffs in the district court proceedings. However, only Mass filed a brief in this Court, which the other Plaintiffs did not join. As a result, this Court ordered the other Plaintiffs to show cause why their appeal should not be dismissed based on their failure to file a brief; those Plaintiffs did not respond to that order. Accordingly, we dismiss the appeal as to those Plaintiffs for failure to prosecute. *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal . . . is ground . . . for the court of appeals to act as it considers appropriate, including dismissing the appeal."). Additionally, to the extent Mass attempts to assert claims on appeal on behalf of those other Plaintiffs, he is barred from doing so because he is a non-attorney. *See* 28 U.S.C. § 1654; *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir. 1990).

F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal citations omitted).

Even construing, as we must, all the facts in Mass's favor, the record confirms that his claims fail as a matter of law. As a general rule, it is "axiomatic that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of [his] sex." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002); *accord Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79-80 (1998)). To do so, a plaintiff must present, at a minimum, circumstantial evidence from which a discriminatory intent can be inferred. *See Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) (internal quotations omitted). Here, although the record evidences a wholly inappropriate work environment, Mass fails to present any facts suggesting that the sexual activities occurred because of his gender, or that Equinox's alleged failure to respond to those activities – or to otherwise prohibit their occurrence – stemmed from a discriminatory intent. Accordingly, Mass's hostile work environment claim fails as a matter of law, and, consequently, so do his remaining claims. *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 143 (2004) (where an alleged constructive discharge results from a hostile work environment, plaintiff must establish the latter in order to pursue a claim for the former); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2002) ("Our consideration of claims brought under the state and city human rights laws parallels the analysis in Title VII claims.").

We have considered all of Mass's claims of error and determined them to be without merit. Therefore, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____