11-1186-cv
Cole v. Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
  DEBRA ANN LIVINGSTON,
  GERARD E. LYNCH,
  CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

Willie James Cole, Willie Cole, Yvette Cole,

         *Plaintiffs-Appellants,*

         v.                                    11-1186-cv

Principal Jacqui Getz, A.P. Susan Federici, City of New York,

         *Defendants-Appellees,*

Department of Education P.S. 87, P.S. 87,

         *Defendants.*

_____

FOR PLAINTIFFS-APPELLANTS:    Willie James Cole, Yvette Cole, *pro se*, New York, N.Y.

**FOR DEFENDANTS-APPELLEES:**     Karen M. Griffin, Francis F. Caputo, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that decision is **DEFERRED** pending the possible appearance of counsel.

Plaintiffs-Appellants appeal from the February 25, 2011 order of the district court declining to appoint counsel for Plaintiff-Appellant Willie Cole, a minor, and dismissing, without prejudice, the 42 U.S.C. § 1983 claims brought on Willie Cole's behalf by his parents, who are proceeding *pro se*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves," *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted). We have specifically held that non-lawyer parents do not have the right to represent their children in appellate proceedings before this Court. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 286 (2d Cir. 2005) ("[O]ur cases prohibiting non-lawyer parents from

2

representing their children apply to appeals to this Court . . . ."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

The only claims on appeal are those brought on Willie Cole's behalf by his parents. The district court determined that it would be inappropriate to appoint counsel for Willie Cole because his claim was not likely to be of substance. We find no error in this determination. However, we are not permitted to hear the appeal on the merits "unless and until [Willie Cole] is represented by counsel." *Tindall*, 414 F.3d at 286. Accordingly, without expressing any opinion on the merits of Willie Cole's claims, we will defer consideration of the appeal for forty-five days pending the possible appearance of counsel to represent Willie Cole. *See id.* If counsel appears, the appeal will proceed with briefing and argument before a new panel. If counsel does not appear, the Clerk is directed to enter an order dismissing the appeal for want of such counsel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk