23-1156-cv
Dasler v. Washburn

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

PRESENT:
> **JOHN M. WALKER, JR.,**
> **STEVEN J. MENASHI,**
> > *Circuit Judges,*
> **ORELIA E. MERCHANT,**
> > *District Judge.* *

_____

**Timothy P. Dasler, for himself and on behalf of T. D.,**

> *Plaintiff-Appellant,*

> v.                                                        23-1156

**Dalene Washburn,**

> *Defendant-Appellee.*

_____

---

* Judge Orelia E. Merchant of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:** TIMOTHY P. DASLER, pro se, Orford, NH.

**FOR DEFENDANT-APPELLEE:** JENNIFER E. MCDONALD, Downs Rachlin Martin PLLC, Burlington, VT.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Timothy Dasler, pro se on his own behalf and seeking to act on behalf of his minor child, T.D., sued Dalene Washburn, the therapist his ex-wife selected for T.D., claiming that Washburn was not acting in T.D.'s best interest. He asserted claims under 42 U.S.C. § 1985 and Vermont state law. The district court dismissed the lawsuit for failure to state a claim but permitted Dasler to move to amend his complaint. Dasler did not initially amend in time; instead, he moved after judgment was entered to file an amended complaint that raised additional claims under 42 U.S.C. § 1983 and state law. The district court denied leave to amend as futile, reasoning that Dasler failed to state a § 1983 claim and that the domestic relations exception to diversity jurisdiction applied.[1] We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

---

[1] We conclude that we have jurisdiction to review both the dismissal of the original complaint and the denial of leave to amend because we may liberally construe Dasler's district court submissions as seeking vacatur of the judgment and leave to amend his complaint, tolling his time to appeal. *See* Fed. R. App. P. 4(a)(4)(A)(iv)-(v); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b).").

We review de novo the denial of leave to amend based on futility, applying the same standard used to evaluate a dismissal under Rule 12(b)(6). *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). We construe the complaint liberally, accept all of its well-pleaded factual allegations as true, and draw all reasonable inferences in the plaintiff's favor in order to determine whether the complaint states a plausible claim for relief. *See id.* On a judgment dismissing a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008).

## I. Dismissal of the Original Complaint

The district court properly dismissed the claims that Dasler brought on behalf of his child. A non-attorney may not bring claims on his child's behalf. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). While Dasler argues that the district court should have granted his requests to appoint counsel for T.D., there is no right to counsel in civil cases except when facing the prospect of imprisonment. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). The discretionary denial of counsel was not an abuse of discretion because, as discussed below, Dasler's claims were not "likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Dasler's claims were otherwise properly dismissed. He failed to plead race- or class-based animus, as required to state a § 1985 claim. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993). Vermont common-law breach of patient confidentiality requires a doctor-patient relationship. *Lawson v. Halpern-Reiss*, 210 Vt. 224, 232-33 (2019). But Washburn was his child's doctor, not Dasler's.

Dasler did not otherwise meet Vermont's "high" bar of pleading "outrageous conduct" sufficient to support an intentional infliction of emotional distress claim. *Dalmer v. State*, 174 Vt. 157, 171 (2002). He alleged that Washburn

obstructed access to her practice by requiring Dasler to include his ex-wife on emails and by prohibiting him from bringing his child to sessions, amounting to an abuse of power. But, especially in the context of a divorce proceeding between Dasler and his ex-wife, Washburn's requests to have both parents copied on email communications about their child and to have the ex-wife bring the child to sessions were not outrageous.

## II.     Denial of Leave to Amend

Dasler challenges the district court's denial of leave to amend the complaint, but the denial was not erroneous. As discussed above, claims brought on behalf of the child were properly dismissed. Furthermore, Dasler did not add facts to his proposed amended complaint that would have cured the deficiencies identified in the district court's first order.

### A. Section 1983 Claim

The district court properly concluded that Dasler failed to state a § 1983 claim. A § 1983 claim requires the violation of a federal right by a defendant acting under the color of state law. 42 U.S.C § 1983. But Washburn is a private individual, and a private individual acts under color of state law only when (1) the state compelled the individual's conduct, (2) the individual acted jointly with the state, or (3) the individual fulfilled a role that is traditionally a public function performed by the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008).

Dasler did not allege facts demonstrating that Washburn, a private therapist, was compelled to act by the state, that she acted jointly with the state, or that she fulfilled a traditional public function. While he contends that Washburn was a state actor by virtue of being selected as the child's therapist by his ex-wife, who was authorized to do so by court order, the order did not appoint Washburn as the child's therapist. Instead, it merely authorized Dasler's ex-wife to select a private provider; she chose Washburn.

### B. State Law Claims

We conclude that Dasler's proposed state law claims fail on the merits. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (observing that we may affirm on any ground with support in the record).[2] In his proposed amended complaint, Dasler asserted state law claims for defamation, breach of contract, negligent infliction of emotional distress, and abuse of process.[3]

In Vermont, the elements of defamation—including libel and slander—are "(1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages." *Russin v. Wesson*, 183 Vt. 301, 303 (2008) (quoting *Lent v. Huntoon*, 143 Vt. 539, 546-47 (1983)). Dasler alleged that Washburn's clinical appointment notes contained a number of statements about his relationship with his child. But the notes recorded statements the child made during therapy, not statements made by Washburn about Dasler. Dasler also alleged that Washburn spread unspecified false allegations to childcare providers and other mutual contacts. But because Dasler failed to allege actual statements that were false and defamatory, Dasler's claim that Washburn made "false" statements about him to others must fail.

Dasler also failed to state a claim for breach of contract based on

---

[2] We have subject matter jurisdiction because "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree," and this case does not involve those matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).

[3] Dasler also asserted a claim styled "Duty of Care." It appears that Dasler is asserting that Washburn had a duty of care toward him as part of a negligence claim. Dasler did not assert any of the other elements of a negligence claim, so he fails to state a claim for negligence.

Washburn's failure to comply with a subpoena and the Vermont state court's failure to enforce it. "To prove breach of contract, [a] plaintiff must show damages." *Smith v. Country Vill. Int'l, Inc.*, 183 Vt. 535, 537 (2007). Dasler did not allege what damages he suffered from Washburn's failure to produce the documents. He stated that he was deprived of discovery before the Vermont court entered a final divorce decree. But he did not allege that the documents would have been essential to an element of his claims in state court.

The remaining state claims also fail. Negligent infliction of emotional distress requires physical peril or fear of injury, *see Brueckner v. Norwich Univ.*, 169 Vt. 118, 125 (1999), but Dasler pleaded neither. And abuse of process fails because Dasler did not plead facts suggesting an improper use of a court. *See Weinstein v. Leonard*, 200 Vt. 615, 625 (2015).

### III. Unredacted Material

Finally, we note that Dasler's opening brief, reply brief, and appendix contain the full first name of his minor child, and the appendix recites the child's date of birth. Federal Rule of Appellate Procedure 25(a)(5), which incorporates Federal Rule of Civil Procedure 5.2, requires redaction of this information. Accordingly, the Clerk of the Court is directed to **SEAL** from public view documents 30, 31, and 70 on this court's docket. While we do not remand, the district court may wish to seal similar filings.

\* \* \*

We have considered Dasler's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court